# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JEFF SESSIONS,<br><br>　　　　Respondent. | Case No. 1:18-cv-00971-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

Petitioner Donald Douglas Bone is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As this Court does not have jurisdiction to entertain the instant petition, the undersigned recommends dismissal.

## I.

## BACKGROUND

According to the petition, Petitioner is a citizen of Canada who obtained legal permanent resident status on December 29, 1993. (ECF No. 1 at 16).[1] On March 18, 1997, Petitioner was arrested in connection with a California criminal case, which charged him with violations of California Penal Code sections 269 and 288.[2] Petitioner was sentenced on February 26, 1999,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] It appears that a settlement was reached wherein the California Penal Code section 269 charge was dismissed and Petitioner pleaded to a violation of California Penal Code section 288.5. (ECF No. 1 at 25, 42).

1

and transferred to the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On May 17, 1999, Petitioner was interviewed by an INS[3] Special Agent and was served with an arrest warrant and notice to appear, which alleged that Petitioner was subject to removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. (ECF No. 16, 38, 40). While Petitioner was in CDCR custody, an immigration detainer was lodged, and Petitioner is now in custody at the Mesa Verde Detention Center in Bakersfield, California. (ECF No. 1 at 16).

On September 14, 2012, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Arizona. The district court denied relief, and Petitioner withdrew his appeal to the Ninth Circuit as he was unable to pay the filing fee. (ECF No. 1 at 16, 18).

On July 19, 2018, Petitioner filed the instant petition for writ of habeas corpus, seeking dismissal of the immigration charges against him. Petitioner generally argues that his immigration charges are time barred, citing to 18 U.S.C. §§ 3161, 3173, 3282, 3291, the Sixth Amendment, and 28 U.S.C. § 1658. (ECF No. 1).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254[4] Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Immigration and Nationality Act ("INA") provides that "[n]otwithstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision . . .

---

[3] "INS" refers to the Immigration and Naturalization Service, which has since been abolished. Most of the INS's immigration functions were transferred to the Department of Homeland Security ("DHS"), in which Immigration and Customs Enforcement ("ICE") is housed. Flores v. Lynch, 828 F.3d 898, 904 (9th Cir. 2016).

[4] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ." 8 U.S.C. § 1252(a)(5). Section 1252 further provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Courts have described § 1252(b)(9) as "'breathtaking' in scope and 'vise-like' in grip and therefore swallows up virtually all claims that are tied to removal proceedings." J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016) (quoting Aguilar v. ICE, 510 F.3d 1, 9 (1st Cir. 2007)). The Ninth Circuit has interpreted § 1252(a)(5) and § 1252(b)(9) to "mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed *only* through the PFR [petition for review] process." J.E.F.M., 837 F.3d at 1031.

There is a distinction "between claims that 'arise from' removal proceedings under § 1252(b)(9)—which must be channeled through the PFR process—and claims that are collateral to, or independent of, the removal process." J.E.F.M., 837 F.3d at 1032. For example, the Ninth Circuit has held that challenges to immigration detention and an ineffective assistance of counsel claim that arose *after* an attorney failed to file a timely PFR do not fall within the scope of § 1252(b)(9). Id. (citing Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006); Singh v. Gonzales, 499 F.3d 969 (9th Cir. 2007)). However, claims that "are bound up in and an inextricable part of the administrative process" must be raised through the PFR process. J.E.F.M., 837 F.3d at 1033.

Here, Petitioner is raising a statute of limitations defense to his removal proceedings. As the petition raises issues that "are bound up in and an inextricable part of the administrative process," the Court finds that they fall within § 1252(b)(9) and must be raised through the PFR process. J.E.F.M., 837 F.3d at 1033. This Court lacks jurisdiction over Petitioner's claims.

3

## III.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 24, 2018__          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE